PEOPLE v. CARL WILLIAMS

1. Burglary—Breaking and Entering—Intent—Inferences—Instructions to Jury.

A statement in instructions to the jury in a prosecution for breaking and entering an occupied dwelling with intent to commit a larceny that the jury could infer intent to commit a larceny, in the absence of explanation, if it found from the evidence that defendant broke and entered an apartment, with an immediately connected statement that the jury must determine intent from what the defendant said, what he did, and from all the circumstances of the case, was not error (MCLA 750.110).

2. Criminal Law—Burden of Proof—Defenses—Explanations.

The burden of proof has not shifted to defendant where the people have established sufficient evidence to justify a verdict of guilty and defendant, to avoid that verdict, must explain his actions.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 September 7, 1971, at Lansing. (Docket No. 10034.) Decided November 24, 1971.

Carl Williams was convicted of breaking and entering an occupied building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Robert F. Leonard*,

References for Points in Headnotes

[1] 13 Am Jur 2d, Burglary § 69.
[2] 29 Am Jur 2d, Evidence §§ 125, 148.

Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Roger W. Kittendorf,* for defendant on appeal.

Before: BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM. The defendant appeals his conviction of breaking and entering an occupied dwelling with intent to commit a larceny. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

The defendant visited a friend at his apartment. The friend deposited a check on a dresser and, a short time later, announced that he was leaving and would be gone for at least two hours. The two men left the apartment together. The defendant's friend returned to the apartment shortly after leaving and saw the defendant break into the apartment through a hole the defendant chopped in the plaster with a screwdriver.

There was sufficient evidence to justify the jury's verdict.

The judge carefully and, as the defendant's lawyer observed, "thoroughly" charged on the essential elements of the offense. The statement that if the jury finds from the evidence that the defendant broke and entered the apartment it may infer intent to commit larceny, in the absence of an explanation, from the unauthorized entry must be read in the light of the immediately connected statement that the jury must determine intent from what the defendant said, what he did and from all the circumstances of the case. We do not think the jurors were misled. (We do not intimate that a jury might not properly be allowed to infer intent to steal from evi-

dence alone that the accused person broke and entered a building containing objects of value.)  In all events, in the absence of a clear objection or request for clarification, a new trial is not warranted in this case.

The judge's statement: "in the absence of an explanation", did not place the burden of proof on the defendant.  Whenever the people produce sufficient evidence to support a verdict of guilty the jurors may convict the accused person on the basis of that evidence unless they choose to accept the accused person's evidence or "explanation".  The judge meticulously instructed the jurors concerning the people's burden of proof, the presumption of innocence and the beyond-a-reasonable-doubt standard for determining guilt or innocence.  Again, we do not think the jurors were misled.

Affirmed.